# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| PREVENTIVE MAINTENANCE SERVICES, INC. | CIVIL ACTION NO. 08-362 |
| VERSUS | JUDGE MELANÇON |
| REGIONS BANK | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Preventive Maintenance Services, Inc. ("PMSI" or "appellant") appeals United States Bankruptcy Judge Robert Summerhays's ruling that the Bankruptcy Court has no subject matter jurisdiction to decide the appellant's Motion to Enforce Chapter 11 Plan. For the following reasons, this Court **AFFIRMS** Judge Summerhays's decision.

## I.

On March 6, 2006, PMSI filed for bankruptcy protection in the United States Bankruptcy Court for the Western District of Louisiana under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §1101, *et seq.* Regions Bank ("Regions" or "appellee") was one of the creditors from whom PMSI sought relief. Regions held certain promissory notes, made by PMSI and guaranteed by Christopher LeLeux ("LeLeux"), and held a security interest in all of PMSI's movable assets. Over the objection of Regions, on September 29, 2006, the Bankruptcy Court entered an order approving PMSI's proposed Plan of Reorganization (the "Plan"). As a condition of the Plan, PMSI abandoned and transferred its inventory, valued by the

Bankruptcy Court at $268,958.58, to Regions in exchange for a credit against the debt owed. Per the Plan and upon transfer of the inventory, PMSI received a credit of $268,958.58 and is no longer obligated to Regions for this amount. The Plan, however, in no way released or otherwise mentioned LeLeux's guarantee of the underlying obligation.

On September 10, 2007, Regions initiated an action against LeLeux in the Sixteenth Judicial District Court, in and for the Parish of Iberia, State of Louisiana seeking enforcement of the guarantee in the amount of $220,210.08.[1] In response, PMSI, who is not a named party to the state court proceeding, filed a Motion to Enforce Chapter 11 Plan with the Bankruptcy Court to require Regions to reduce the amount owed from LeLeux by the value of the inventory transferred by the Bankruptcy Court. PMSI argued that, under the provisions of the Plan, the Bankruptcy Court retained jurisdiction to ". . . hear and determine all controversies, suits and disputes, if any, which may arise in connection with the interpretation or enforcement of this Plan, or which may be required to ensure compliance with the provisions of this Plan." The Bankruptcy Court, however, citing *In re U.S. Brass Corp.*, 301 F.3d 296 (5th Cir. 2002) and *In re Craig's Stores of Texas, Inc.*, 266 F.3d 288 (5th Cir. 2001), held that it did not have jurisdiction to consider PMSI's motion because the enforcement of the guarantee would not have any effect on PMSI's

---

[1] It's not clear how Regions arrived at the amount still outstanding on the promissory notes. However, resolution of this issue is not necessary for consideration of this appeal.

estate. From this ruling, PMSI appeals.

**II.**

Pursuant to Section 158(c)(2) of Title 28 of the United States Code, this Court reviews an appeal from a bankruptcy court using the same standard that the Court of Appeal would use to review a district court decision. 28 U.S.C. §158(c)(2). Accordingly, findings of fact are reviewed under the "clearly erroneous" standard while conclusions of law and mixed questions of law and fact are reviewed *de novo*. *In re Kennard*, 970 F.2d 1455, 1457-58 (5th Cir. 1992); *In re Hammons*, 614 F.3d 399, 403 (5th Cir. 1980). As the sole question before the Court is whether the Bankruptcy Court had jurisdiction, *de novo* review is appropriate in this case.

**III.**

"[T]he source of the bankruptcy court's jurisdiction is neither the Bankruptcy Code nor the express terms of the Plan. The source of the bankruptcy court's jurisdiction is 28 U.S.C. §§ 1334 and 157." *In re U.S. Brass Corp.*, 301 F.3d at 303 (*quoting United States Tr. v. Gryphon at Stone Mansion, Inc.*, 216 B.R. 764, 769 (W.D. Pa. 1997), *aff'd*, 166 F.3d 552 (3rd. Cir. 1999)). In interpreting the jurisdiction conveyed by §§ 1334 and 157, the United States Court of Appeal for the Fifth Circuit, adopting a "more exacting theory" than some other circuits, has held that "[a]fter a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan." *Id.*, *quoting In re Craig's Stores of Texas,*

*Inc.*, 266 F.3d at 390-91.

In this case, the Plan simply does not mention, or otherwise pertain to, LeLeux or his obligations as surety on the Regions promissory notes. The suretyship, then, is not governed by the Plan but by reference to the applicable Louisiana Civil Code Articles. *See* La. C.C. Arts. 3035*, et. seq.* Whether LeLeux should receive a credit for the Bankruptcy Court's determination of the value of the transferred property is a matter wholly unrelated to the bankruptcy estate of PMSI.[2] Should a Louisiana State Court find that LeLeux owes the full sum demanded by Regions, it would have absolutely no effect on the amount owed by PMSI and thus no effect on execution of the Plan. Accordingly, the Bankruptcy Court's determination that it lacked jurisdiction to consider PMSI's motion is correct under the law and must be affirmed.

**IV.**

After conducting a *de novo* review of the Judge Summerhays's ruling, this Court finds that the matter pending between LeLeux and Regions in the 16th Judicial District Court, in and for the Parish of Iberia, State of Louisiana seeking enforcement of LeLeux's guarantee of the Regions promissory notes is wholly unrelated to the PMSI reorganization plan. Accordingly, the Bankruptcy Court correctly found that

---

[2] Instead, this question should be resolved by reference to Civil Code 3046 which states that sureties such as LeLeux ". . . may assert any defense to the principal obligation that the principal obligor could assert **except lack of capacity or discharge in bankruptcy of the principal obligor**." La. Civ. Code Art. 3046 (emphasis added). The comments to this code article more fully explain that "[i]t is this very contingency, the insolvency of the debtor, that necessitates suretyship." *Id.* Whether the credit given to PMSI by the Bankruptcy Court constitutes a discharge or satisfaction under this section is a matter of Louisiana law and does not pertain to the Plan.

4

it lacked jurisdiction to consider PMSI's Motion to Enforce Chapter 11 Plan. Thus, the decision of the Bankruptcy Court is **AFFIRMED**.